145 P.3d 852

**In the Interest of B.P.**

**No. 27226.**

Intermediate Court of Appeals of Hawai'i.

Sept. 15, 2006.

Joseph Dubiel, on the briefs, for Mother–Appellant.

Patrick A. Pascual and Mary Anne Magnier, Deputy Attorneys General, on the briefs, for Department of Human Services–Appellee.

BURNS, C.J., FOLEY and FUJISE, JJ.

Opinion of the Court by BURNS, C.J.

The mother (Mother) of B.P. appeals from the (1) Order Awarding Permanent Custody and (2) Letters of Permanent Custody that were entered by the Family Court of the First Circuit[1] on February 16, 2005. Mother also appeals from the March 14, 2005 order denying the March 10, 2005 motion for reconsideration. We affirm.

## BACKGROUND

B.P. was born on August 15, 1998. On July 3, 2003, the State of Hawai'i Depart-ment of Human Services (DHS) filed a Petition for Family Supervision commencing this case. Effective July 8, 2003, attorney Joseph Dubiel (Dubiel) was appointed counsel for Mother. On July 10, 2003, Mother stipulated to the award of family supervision of B.P. to the DHS. On January 16, 2004, B.P. was removed from Mother's custody and the DHS assumed foster custody. On February 2, 2004, the court scheduled an April 5, 2004 trial. On March 30, 2004, the court cancelled the scheduled April 5, 2004 trial. On September 17, 2004, the DHS moved for an order awarding permanent custody and establishing a permanent plan. On February 16, 2005, after a trial, the court entered an Order Awarding Permanent Custody and Letters of Permanent Custody. Mother's March 10, 2005 motion for reconsideration was denied on March 14, 2005. Mother filed a notice of appeal on April 11, 2005. The court entered the Findings of Fact and Conclusions of Law (FsOF and CsOL) on April 26, 2005. This case was assigned to this court on December 16, 2005.

## DISCUSSION

### A.

In these types of cases filed prior to November 2003, the family court appointed full-time counsel for eligible parents. The family court's appointment of such counsel ceased effective July 1, 2004. Thereafter, pursuant to the family court's Hoʻolōkāhi Program, the State of Hawai'i provides an eligible parent[2] with limited legal representation. At the courthouse, at all times other than at a trial, the family court will provide a parent who is proceeding pro se with the services of a consulting attorney. Pre-trial, the court will appoint an attorney to represent the parent at the pre-trial proceedings and at the trial.

In this case, Dubiel was Mother's court-appointed counsel prior to July 1, 2004. Mother failed to appear at a hearing on June 29, 2004, and was defaulted. At a hearing on December 28, 2004, Mother appeared with attorney Wilfred Tangonan (Tangonan) as

---

1. Judge Gale L.F. Ching presided.

2. Eligibility depends on financial need, legal relationship to the child, and degree of involvement with the child.

her consulting counsel and the entry of default against her was "set aside prospectively only[.]" On February 4, 2005, Tangonan, as attorney for Mother, filed "Mother's Settlement/Pretrial Statement". At the trial on February 16, 2005, Mother failed to appear but she was represented by Tangonan. In this appeal, Dubiel is Mother's court-appointed counsel.

On appeal, Mother complains that from July 1 to December of 2004, she did not have the services of legal counsel. She does not, however, establish her right to such services. Therefore, her point has no merit.

### B.

The Hawai'i Rules of Appellate Procedure (HRAP) Rule 28 (Supp.2006) state in part as follows:

BRIEFS. (a) Format, Service and Page Limitation. All briefs shall conform with Rule 32 and be accompanied by proof of service of two copies on each party to the appeal. Except after leave granted, an opening or answering brief shall not exceed 35 pages, and a reply brief shall not exceed 10 pages, exclusive of indexes, appendices, and statements of related cases....

(b) Opening Brief. Within 40 days after the filing of the record on appeal, the appellant shall file an opening brief, containing the following sections in the order here indicated:

. . . .

(3) A concise statement of the case, setting forth the nature of the case, the course and disposition of proceedings in the court or agency appealed from, and the facts material to consideration of the questions and points presented, with record references supporting each statement of fact or mention of court or agency proceedings. In presenting those material facts, all supporting and contradictory evidence shall be presented in summary fashion, with appropriate record references. Record references shall include page citations and the volume number, if applicable. References to transcripts shall include the date of the transcript, the specific page or pages referred to, and the volume number, if applicable. Lengthy quotations from the record may be reproduced in the appendix. There shall be appended to the brief a copy of the judgment, decree, findings of fact and conclusions of law, order, opinion or decision relevant to any point on appeal, unless otherwise ordered by the court.

(4) A concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency. Where applicable, each point shall also include the following:

. . . .

(C) when the point involves a finding or conclusion of the court or agency, a quotation of the finding or conclusion urged as error;

. . . .

Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented. Lengthy parts of the transcripts that are material to the points presented may be included in the appendix instead of being quoted in the point.

Notwithstanding the above rule, the fact that Mother reasonably could not have challenged all of the findings and conclusions, and the fact that Mother's opening brief was a total of only twenty-two pages, many of which were not full pages, Mother states, in her opening brief:

### II. STATEMENT OF THE POINTS UPON WHICH APPELLANT INTENDS TO RELY

The Findings of Fact and Conclusions of Law are in the Record On Appeal pages 510–531 and are attached to this brief. Arguments are made that although an appellant is contesting the finding of

permanent custody, that if each and every one of the findings and conclusions are not contested, that appellant therefore agrees with each one not contested. That is a false argument. There are 22 pages of Findings of [F]act and Conclusions of Law. A total of 115 Findings and 12 Conclusions of [L]aw. If I list each and everyone [sic] I will go way over the amount of pages allowed in this brief. So only the main ones are listed.

This court's response is that HRAP Rule 28(a) and (b) will be enforced as written. Absent plain error, an unchallenged finding is a fact. Counsel may avoid an actual and reasonable page limit problem by citing exactly to the number/paragraph/sentence of the finding in the findings appended to the opening brief.

### C.

█ The essence of Mother's appeal is that she was not given enough time to show that she could provide a safe home for B.P. In light of the following FsOF, none of which are clearly erroneous, plus the fact that Mother's parental rights to an older child were terminated on September 14, 2004, this appeal has no merit.

43. Based on the psychological evaluation, the Child suffers from: Adjustment Disorder, Unspecified, and Neglect of Child.

. . . .

66. Mother has a history of significant psychological problems that originated from her childhood years.

67. Mother is on a disability due to her suffering from Social Disorder . . . .

. . . .

75. According to the psychological evaluation, Mother, due to her emotional and personality difficulties, was at high risk to abuse drugs.

. . . .

78. Mother has a history of using illicit drugs, specifically methamphetamines. Mother also admitted to abusing her psychotropic medications to self medicate.

. . . .

85. Based on the credible evidence, Mother has not successfully completed an appropriate substance abuse treatment program.

. . . .

89. Mother stated the willingness to participate in services and gave excuses for not participating in services and not contacting DHS. . . . Based on Mother's demonstrated history in this case, Mother will not be able to consistently participate in services on a sustained basis.

90. Mother has no insight into her problems, and instead believes that her children [ ] are the cause of her problems. Mother also does not have any insight into how she has contributed to the condition of her children. Mother believed that her children will be returned home when their behaviors are "fixed" because she believed that foster care was the way of curing her children, instead of realizing how her behavior caused her children to be in foster care.

### CONCLUSION

Accordingly, we affirm the February 16, 2005 Order Awarding Permanent Custody, the February 16, 2005 Letters of Permanent Custody, and the March 14, 2005 order denying the March 10, 2005 motion for reconsideration.